5 351
8 414
8 415
15 384
16 604

MICHAEL FILLION, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Practice in Criminal Cases:** JURORS. To render a juror incompetent in a criminal case on the ground of an opinion formed or expressed, it must distinctly appear that such opinion was in reference to the guilt or innocence of the defendant.

2. ———: ———. If the ground of objection to the juror is, that he heard testimony, it must appear that it was in reference to the case in which the defendant is charged with the crime.

3. ———: PRESUMPTIONS. To obtain a review in the supreme court, error must affirmatively appear in the record. The rule is, that whenever the facts stated in the record are consistent with the

duty of the court, and nothing is shown to establish a contrary theory, it will be presumed that the court acted properly and all things were rightly done.

ERROR to the district court for Lincoln county. It was an indictment for murder and resulting in the conviction of the prisoner, and judgment that he be executed, he sued out a writ of error to this court.

*C. A. Baldwin,* for plaintiff in error.

*George H. Roberts, Attorney General,* for the state.

GANTT, J.

In the assignment of errors in this case, many objections are taken to the impaneling of the jury to try this cause; but the record shows, that the prisoner only asked one person tendered as a juror to be " excused for cause." This was J. Mackle, who, the record states, had "formed and expressed an opinion;" but it. is not stated that this opinion was in relation to the innocence or guilt of the prisoner; and again, that he "heard part of Rogers' testimony," but whether that testimony was in respect to the prisoner, the record does not state.

To render a juror incompetent, it must appear, that the opinion formed or expressed by him was in reference to the innocence or guilt of the accused, and that testimony heard by him was in reference to the crime with which the accused is charged in the indictment. It is not sufficient to rely on vague and indefinite expressions which have no reference to the case on trial. The court cannot presume what the juror intended by such indeterminate language; we can only look to the record, and in this case it contains no facts upon which we can adjudge as to the competency of the juror, except that he said he could " render an impartial verdict from the evi-

dence" and had no bias. *Cooper v. State*, 16 Ohio State, 334.

The record shows that a large number of persons called as jurors were "excused" by the court, but it does not show that there was a challenge for cause, or a ruling of the court upon a challenge, in respect to any one of these persons. In this respect the record is wholly silent. Now it is well understood, that a record is constituted of the proper and legitimate elements of a trial, set down in the order of their occurrence; and the rule of law is, that in order to obtain a review in this court of any question in regard to the qualifications of a juror in a case, the record must show, that when the juror was tendered, he was properly challenged, and the grounds of the challenge must be distinctly stated, for, without this, the challenge is incomplete and may be wholly disregarded by the court; and again, it must appear that the court ruled upon such challenge; and that at the time, exception was taken to the decision of the court. If all these steps are not taken, it must be presumed that the party waived all objections to the competency of the juror. 1 Chit. Cr. L., 547. 2 Whar. Cr. L., Sec. 2974.

Again, it is alleged as error, and it is contended that the record does not sufficiently show that the prisoner was present with the jury upon a view of the place where the homicide is alleged to have been committed. In regard to this question, the record shows that on the 3d day of March, when the session of the court was opened, the prisoner was present; and that the "jury having heard the evidence in the case, as well on the part of the state as on the part of the defendant, and it appearing in the opinion of the court it is proper for the jury to have a view of the place in which the alleged homicide is charged to have been committed, in the indictment in this case, it is therefore ordered, that they be

conducted in a body, under the charge of the sheriff, to the place aforesaid, to be shown to them by Alexander Struthers, appointed by the court to accompany said jury; and said jury and sheriff and person appointed shall have no conversation, except to inquire as to the locality."

This record clearly shows the prisoner was present in court when its session commenced, on the day the view of the place was had by the jury. In the case of *Benton v. The State*, 3 Central Law Journal, 255, the record distinctly stated that the prisoner was not present at the view of the place; but in this case there is no intimation whatever, in the record, that the prisoner was not present with the jury all the time that evidence of any sort was received by them, either in court or upon a view of the place where the crime is alleged to have been committed. It is the record only, to which we can look to ascertain the conduct of the trial; and in that record, we find no fact or statement of the prisoner's absence during any part of the trial. Error must appear upon the record, and in the case of *The People v. Bealoba*, 17 Cal., 399, it is said that "error must affirmatively appear." The rule seems to be this, that whenever the facts stated in the record are consistent with the duty of the court, and nothing is shown to establish a contrary theory, it will be held that the court acted properly.

I think the doctrine is correctly stated in *Stephens v. The People*, 19 N. Y., 552, in which case the prisoner was tried for the crime of murder. In that case the record shows that the prisoner came into court at the commencement of the trial, and was at the bar of the court when the jury were sworn. The trial was continued from day to day, until the jury rendered their verdict. The court say that "the allegation of a continuance of the trial sufficiently indicates that it was with the incidents before described, of which the presence of the prisoner was

one.  Besides, when facts are stated sufficient to confer jurisdiction upon a court of such high attributes, the inference is, that as to its continued proceedings *omnia rite acta.*  Hence it is not usual, in either civil or criminal cases, to state on the record the occurrence of the necessary incidents between the selection of the jury and the rendition of their verdict." *Beale v. Commonwealth,* 25 Pa. St., 18.  *The State v. Craton,* 6 Ired. Law, 168.  *Pate v. The State,* 3 Gilm., 662.  *Harriman v. The State,* 2 Greene, 283.  *Brown v. The State,* 3 Eng., 100.  *Rhodes v. The State,* 23 Ind., 24.

In the case at bar, in respect to the presence of the prisoner during the trial, the record is consistent with the duty of the court; and as no error affirmatively appears in this regard, the presumption is that all things were rightly done.

JUDGMENT AFFIRMED.

A motion for a rehearing in this case was denied.